IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LARRY JOE ADAMS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **04-667-DRH** |
| | ) | |
| **ALAN UCHTMAN,** [1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District

Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Petitioner Larry Joe Adams was convicted of murder and armed robbery in 1982  by a

Madison County jury.  Now before the court is his petition for writ of habeas corpus pursuant to

28 U.S.C. §2254.

## Procedural History

On October 5,1982, Adams was convicted of the murder and armed robbery of a

pharmacist named Eugene Ponder.  Money and drugs were taken from Mr. Ponder's pharmacy

shop in the robbery.  Adams was sentenced to death.

Because he was sentenced to death, Adams' direct appeal was to the Illinois Supreme

Court, which affirmed the conviction, but remanded for re-sentencing.  ***People v. Adams*, 485**

**N.E.2d 339 (Ill., 1985)**, copy attached to **Doc. 11 as Ex. B**.  On remand, Adams was sentenced

---

[1]Alan Uchtman is now the warden at Menard Correctional Center, and is therefore
substituted as respondent.  Rules Governing Section 2254 Cases, Rule 2(a).

to life imprisonment.  That sentence was affirmed by the Appellate Court, Fifth District, in

*People v. Adams*, **553 N.E.2d 3 (Ill.App. 5 Dist., 1990)**, attached to **Doc. 11 as Ex. D**.  Adams

did not file a petition for leave to appeal to the Supreme Court.  **See, Doc. 11, p. 3, footnote 3.**

In 1991, Adams filed a petition for post-conviction relief, claiming that he had been

arrested without probable cause or a warrant, and that his appellate counsel had been ineffective

in failing to raise that point.  The petition was dismissed, and Adams appealed.  In a decision

dated June 2, 1998,  the Appellate Court reversed and remanded for an evidentiary hearing.  **Doc.**

**11, Ex. F**.

Afer holding an evidentiary hearing, the trial court found against Adams.  On appeal, he

claimed that his arrest had been without probable cause or warrant, that appellate counsel had

been ineffective for failing to raise that issue, that the court erred in denying his post-conviction

motion for fingerprint testing, and that his sentence was invalid under ***Apprendi v. New Jersey***,

**530 U.S. 466, 120 S.Ct. 2348 (2000)**.  **Doc. 11, Ex. J**.  The Appellate Court affirmed on August

13, 2002.  *People v. Adams*, **775 N.E.2d 197 (Ill.App. 5 Dist., 2002)**, attached to **Doc. 11 as Ex.**

**L**.  Adams filed a petition for leave to appeal, which was denied by the Supreme Court on

October 7, 2003.  **Doc. 11, Ex. N**.  The instant habeas petition was timely filed on September 17,

2004.

> The facts of the case as described by the Supreme Court of Illinois are as follows:
>
> Eugene Ponder was a pharmacist who operated the "Prescription Shop" in Alton.  Sherry
> Markham, an employee of Ponder's, was on duty on May 10, 1982, when the defendant
> entered the Prescription Shop between 4:15 and 4:30 p.m. Responding to his question,
> Markham told the defendant that the store did not carry protein powder mix. At
> approximately 5:02 p.m., as Markham was leaving the store for the day, Dr. Stephen
> Snitzer, a dentist who had an office in the building, came into the store. While the dentist
> was visiting with Ponder, the defendant returned to the store. The defendant and his sister
> had been patients of Snitzer's, and Snitzer inquired about his sister's health. After asking

Ponder a question regarding a vitamin, the defendant moved to the area where food supplements were displayed. Snitzer left the store, leaving the defendant alone with Ponder. A customer came to the drive-up window of the store about 5:12 p.m. and picked up a prescription from Ponder. That was the last time he was seen alive. At approximately 5:18 p.m., Patricia Howell saw a man looking "very much like" the defendant running "very, very, fast" from the vicinity of the store, with a large paper bag in his hand. She had stopped at an intersection near the store and as she began to proceed again, she had to stop suddenly to avoid hitting the defendant, who ran in front of her car. Howell testified that the defendant was running not simply to avoid her car, but was running "with a purpose."

*People v. Adams*, **485 N.E.2d at 340-341.**

Sometime after 5:00 p.m., Mr. Ponder was found by his wife, lying face-down and bleeding, in the basement of the store.  The fatal bullet wound was to the right temporal skull. The murder weapon was not recovered, but was determined to have been either a .22-caliber Wamo rifle or a .22-caliber Roehm revolver.  *People v. Adams*, **485 N.E.2d at 341.**

Adams was arrested the next day.  He made a statement after having been read his Miranda rights.  He admitted having been in the Prescription Shop twice on the day of the murder.  He stated that, on his second visit, he bought a bottle of vitamin E tablets from Mr. Ponder which cost about $4.90.  After leaving the store, he had to "start trotting" to avoid an oncoming car.  He stated that he went to the home of one Shirley McClaine, in East Alton, where he had left the bottle of vitamin E.  The police asked him to take them to McClaine's home, and he first agreed, but then refused to do so.  At trial, Adams denied that the police ever asked him to take them to McClaine's home.  *People v. Adams*, **485 N.E.2d at 341.**

The state presented the testimony of  James Harvis, an acquaintance of petitioner, who testified that, in April, 1982, Adams had asked him if he had a gun for sale; Adams stated he wanted to rob a drugstore where the "dude [would] be there all by himself" and get pills.  *People v. Adams*, **485 N.E.2d at 342**.  Donald Randall, another acquaintance, testified that, on the

3

morning of the murder, Adams told him that he had to get a hold of some money, and that he

wanted to get some "Ts and Blues."  Adams came back about an hour later and asked Randall if

the witness knew where Adams could get a gun, but Randall did not.  Randall "told Adams, 'you

must want to rob somebody.'  Adams replied, 'I just want to get ahold of some money .... I know

a place where I can get ahold of some pills.'"  *Id.*

The state also presented evidence that Talwins (the "Ts" in "Ts and Blues") were missing

from the store after the murder.  *Id.*   Petitioner's fingerprint was found on a bottle of vitamins on

the counter near the cash register in the store.  The cash register tape did not record a sale of

approximately $4.90, the amount Adams testified he paid for the vitamin E tablets.  *Id.*, at 341.

<u>**Grounds for Habeas Relief**</u>

Petitioner asserts the following grounds:

1.      He was arrested without probable cause or a warrant, in violation of the Fourth

Amendment.

2.      He was denied effective assistance of counsel on direct appeal because counsel

did not raise the illegality of his arrest and seek to suppress his statement.

3.      The denial of his post-conviction motion for fingerprint testing violated his due

process rights.

4.      The evidence did not prove that he was guilty beyond a reasonable doubt.

<u>**Exhaustion and Procedural Default**</u>

Petitioner must clear two procedural hurdles before the Court may reach the merits of his

*habeas corpus* petition:  exhaustion of remedies and procedural default.  ***Rodriguez v. Peters*, 63**

**F.3d 546, 555 (7th Cir. 1995).**  "Before a federal court may grant *habeas* relief to a state

prisoner, the prisoner must exhaust his remedies in state court." ***O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).**   "[S]tate prisoners must give the state court one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." ***Id.*; see also, 28 U.S.C. § 2254(c).**  In ***O'Sullivan v. Boerckel***, the Supreme Court of the United States specifically addressed exhaustion under Illinois' two-tiered appellate process, holding that issues must be raised not only to an intermediate appellate court, but also to the Illinois Supreme Court, which offers discretionary review (except under a limited number of special circumstances, which are not applicable to this case). ***O'Sullivan*, 526 U.S. at 843-846.**

Adams has cleared both hurdles.  He has exhausted all available avenues of relief through the Illinois system, in that he is time barred from further pursuing the alleged constitutional errors in a state post-conviction proceeding. ***See* 725 ILCS 5/122-1(c); see also *O'Sullivan*, 526 U.S. at 844 (holding that repetitive petitions are not required).**  He has also adequately presented all four grounds for a full round of consideration in the state courts.

**Analysis**

This habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act, known as the AEDPA.  "The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." ***Bell v. Cone*, 535 U.S. 685, 693, 122 S.Ct. 1843, 1849 (2002)**.

Habeas is not another round of appellate review.  Federal courts do not review state court determinations of state law questions on habeas review. ***Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991);  *Bloyer v. Peters*, 5 F.3d 1093, 1098 (7th Cir. 1993).  28 U.S.**

5

**C. §2254(d)** restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The first two grounds must be considered together.  The claim that the Fourth Amendment was violated by petitioner's arrest does not, in and of itself, constitute grounds for habeas relief where the state provided an opportunity for full and fair litigation of the Fourth Amendment claim.  **See,** *Stone v. Powell***, 428 U.S. 465, 494, 96 S.Ct. 3037 (1976)**.  The Seventh Circuit explained the holding in *Stone* as follows:

> The exclusionary rule is not enforced on collateral attack. Put otherwise, a person imprisoned following a trial that relies, in part, on unlawfully seized evidence is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The *seizure* may have violated the Constitution, but the *custody* does not, because the exclusionary rule is a social device for deterring official wrongdoing, not a personal right of defendants.

*Hampton v. Wyant***, 296 F.3d 560, 562-563 (7ᵗʰ Cir. 2002)(emphasis in original).**

Here, the state provided an opportunity for full and fair litigation of the Fourth Amendment claim by affording petitioner an evidentiary hearing.  **See, Doc. 11, Ex. F and J**. Habeas relief on the first grounds is precluded.

However, the claim that counsel was ineffective in failing to raise the Fourth Amendment claim on direct appeal *is* cognizable.  *Owens v. U.S.***, 387 F.3d 607 (7ᵗʰ Cir. 2004).**

A claim of ineffectiveness of counsel must itself be presented to a state court for consideration before it can be raised in a *habeas* petition under §2254. Under Illinois law, claims of ineffective assistance of counsel based on facts appearing in the record can be raised on direct

appeal, and claims of ineffective assistance of appellate counsel can be raised in a post-conviction petition.  **See, *Lemons v. O'Sullivan*  54 F.3d 357,  360 - 361 (7thCir. 1995), and Illinois cases cited in footnote 2.**

The exact nature of Adams' ineffective assistance claim is somewhat confused.  He did not claim on his direct appeal that his counsel had been ineffective at trial.  Rather, the claim that was presented to the state court is that counsel on direct appeal was ineffective for failing to raise the Fourth Amendment claim and challenge the use of his statement.  There is no indication that such a motion to suppress was made at trial.  Giving the pro se habeas petition a broad reading, the court interprets Adams' point to be that appellate counsel was ineffective for failing to raise the point on appeal that trial counsel had been ineffective in failing to move to suppress his statement on Fourth Amendment grounds.

Whether counsel was ineffective is governed by ***Strickland v. Washington*, 104 S.Ct. 2052, 2064-65 (1984)**.  The issue for this court on habeas is whether the state court's decision was "contrary to" or constituted an "an unreasonable application of" Supreme Court precedent.  **28 U.S.C. § 2254(d)(1)**.  "Avoiding these pitfalls does not require citation of [Supreme Court] cases - indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."  ***Early v. Packer*, 537 U.S. 3, 9, 123 S.Ct. 362 (2002) (emphasis in original).**

The Seventh Circuit has noted that the scope of federal review of state court decisions on habeas is "strictly limited" by **28 U.S.C. § 2254(d)(1)**.  ***Jackson v. Frank*, 348 F.3d 658, 661 (7th Cir. 2003).**   The unreasonable application standard is "a difficult standard to meet."  ***Id.*, at 662.**   Even an incorrect or erroneous application of the federal precedent will not justify habeas

relief; rather, the state court application must be "something like lying well outside the boundaries of permissible differences of opinion."  *Id., at 662 (internal citation omitted).*

The Seventh Circuit has emphasized that, when considering a claim of ineffective assistance of counsel on habeas, federal courts must honor any "reasonable" state court decision; "only a clear error in applying *Strickland's* standard would support a writ of habeas corpus." *Holman v. Gilmore*, **126 F.3d 876, 881-882 (7th Cir. 1997)**.

Following an evidentiary hearing, the post-conviction court found that there had been probable cause to arrest Adams, and denied his petition.  The Appellate Court affirmed, and the Supreme Court denied leave to appeal.  *People v. Adams*, **775 N.E.2d 197 (Ill.App. 5 Dist., 2002)**; **Doc. 11, Ex. N**.

The Appellate Court properly applied the principles enunciated in *Strickland v. Washington*, **104 S.Ct. 2052, 2064-65 (1984)**.  The court cited *People v. Wilson*, **732 N.E.2d 498 (Ill. 2000)**, which, in turn, relied on *Strickland*.

The Appellate Court considered whether Adams demonstrated that "counsel's failure to raise an issue on direct appeal was objectively unreasonable and that, but for this failure, a reasonable probability exists that defendant's conviction or sentence would have been reversed.." *People v. Adams*, **775 N.E.2d 197, 200 (Ill.App. 5 Dist., 2002)**.  This is a correct articulation of the *Strickland* standard.  The state court correctly appreciated that, in order to show that counsel was ineffective, petitioner must show that a motion to suppress would have been successful had it been made.  **See,** *U.S. v. Cieslowski*, **410 F.3d 353, 360 (7th Cir. 2005);** *Shell v. U.S.*, **448 F.3d 951, 955 (7th Cir. 2006).**

The Appellate Court concluded that the evidence adduced at the hearing established that

the police had probable cause to arrest Adams.  The evidence was summarized as follows:

> Two witnesses placed defendant at the victim's store at a time just prior to the murder. A third witness also identified defendant running from the shop carrying a white paper bag within the time frame in which the murder occurred. An informant who had spoken to defendant prior to the murder told the police that defendant was trying to obtain a gun to rob a pharmacy for certain drugs, drugs which were later found missing from Ponder's store.

**People v. Adams, 775 N.E.2d at 200.**

Petitioner does not argue that the above circumstances, if they had existed, would not have constituted probable cause to arrest him.  Rather, he argues that the state courts were wrong in concluding that the evidence established these facts.  **See, Reply, Doc. 12.**  He argues that there were conflicts between the testimony of the informant and the detectives at the evidentiary hearing, and that the testimony given by the informant and the police officers at the evidentiary hearing was inconsistent with their prior testimony at trial.  In effect, petitioner is asking this court to revisit the evidence and to overturn  the state court's credibility analysis, which this court cannot do on a habeas petition.

The state court's factual findings are entitled to a presumption of correctness.  **28 U.S.C. §2254(e)(1)**.  It is petitioner's burden to rebut the presumption by "clear and convincing evidence."  *Id.*  The presumption of correctness applies with equal force to the state court's credibility determinations.  *Murrell v. Frank*, **332 F.3d 1102, 1112 (7ᵗʰ Cir. 2003), and cases cited therein.**  Petitioner's arguments about the inferences to be gathered from perceived conflicts in the testimony falls far short of this standard.

Adams hones in on the issue of whether the informant, Randall, talked to the police before or after Adams was arrested.  He points to various perceived inconsistencies in the testimony regarding the timing of Randall's statement to the police.  The court will not analyze

the evidence in detail.  The trial court, which had the opportunity to observe the witnesses, found

that Randall told the police about his May 10, 1982, conversation with Adams *before* Adams was

arrested.  The Appellate Court affirmed that finding.  This court must accept that factual finding

as correct.

Accepting the factual findings of the state court as set forth above, the conclusion that

Adams' arrest was supported by probable cause is correct.  "In order to have probable cause for

an arrest, law enforcement agents must reasonably believe, in light of the facts and

circumstances within their knowledge at the time of the arrest, that the suspect had committed or

was committing an offense. [internal citation omitted.]  The test is an objective one and evaluates

whether probable cause existed on the facts as they appeared to a reasonable police officer, even

if the reasonable belief of that officer is ultimately found to be incorrect." ***Payne v. Pauley*,**

**337 F.3d 767, 776 (7th Cir. 2003).**

The state court found that the police had the following information *before* they arrested

Adams:

1.      Two witnesses identified Adams as having been in the store shortly before the
        murder occurred.

2.      A witness identified Adams running from the shop carrying a paper bag around
        the time the murder occurred.

3.      An informant told the police that Adams was looking for a gun and talked about
        robbing a pharmacy to steal drugs.

The Appellate Court concluded that these facts, collectively "demonstrated probable

cause and, as a result, the lack of any reason for suppressing his postarrest statements." ***People***

***v. Adams*, 775 N.E.2d at 200.**  That is certainly a reasonable conclusion, and petitioner does not

argue otherwise.  As is noted above, petitioner does not dispute that legal conclusion.  His

quarrel is with the factual findings underpinning the legal conclusion, but this court is not authorized to revisit those factual findings.  **28 U.S.C. §2254(e)(1)**.

Having determined that there was probable cause for petitioner's arrest, the state court correctly concluded that neither trial counsel nor appellate counsel had been ineffective for failing to move to suppress Adams' statement on that grounds.  It is clear that the Appellate Court's application of *Strickland* was not unreasonable.  Petitioner's second ground must be denied.

Adams' third ground concerns the denial of his postconviction motion for fingerprint testing.  The trial court denied the motion because the fingerprints no longer existed.  ***People v. Adams*, 775 N.E.2d at 201.**  Adams asserts as grounds for habeas relief that his due process rights were violated.

The Appellate Court noted in its decision that Adams moved for testing of the fingerprints about 18 years after the crime took place and about 11 years after he was resentenced to life imprisonment.  ***People v. Adams*, 775 N.E.2d at 200-201.**  There was no order in place requiring the state or the police to preserve the fingerprints, and there "certainly appeared to be no evidentiary need for retaining them."  ***Id.*, at 201.**  The court noted that a showing of mere negligence on the part of the police in losing evidence, if in fact the circumstances here even rise to the level of negligence, does not constitute a due process violation.  *Id*.  This is in accord with Supreme Court precedent.  "[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law."  ***Arizona v. Youngblood*, 488 U.S. 51, 58, 109 S.Ct. 333, 337 (1988).**  Petitioner has not even attempted to demonstrate bad faith on the part of

the police.  This point must be denied.

Lastly, petitioner asserts that the he was not proven guilty beyond a reasonable doubt. He raised this issue on his direct appeal, and the sufficiency of the evidence was reviewed in detail by the Illinois Supreme Court.

A habeas petitioner is entitled to relief on a claim of insufficiency of the evidence only where "no rational trier of fact could have found proof of guilt beyond a reasonable doubt" on the evidence adduced at trial *Jackson v. Virginia*, **443 U.S. 307, 324, 99 S.Ct. 2791-2792 (1979)**. The federal court's review must be undertaken within the confines of **28 U.S.C. §2254**, keeping in mind that the state court's determinations of factual issues are presumed to be correct.

The evidence as detailed by the Illinois Supreme Court was reviewed in the first section of this Report and Recommendation.  That evidence was sufficient to provide a basis for a rational trier of fact to find Adams guilty beyond a reasonable doubt.  Petitioner's only attack on the sufficiency of the evidence is to point out inconsistencies between witnesses and to argue perceived weaknesses in their testimony.  However, petitioner "misses the point in mounting separate attacks against each of the ... witnesses without considering that the whole might be greater than the sum of the parts."  *Trejo v. Hulick*, **380 F.3d 1031, 1032 (7th Cir. 2004).**

Viewing the evidence as a whole, the Illinois Supreme Court's conclusion that a rational trier of fact could find Adams guilty beyond a reasonable doubt is patently not unreasonable. Petitioner's fourth point must also be denied.

### Recommendation

This court recommends that Larry Joe Adams' Petition for Writ of Habeas Corpus should be denied in all respects.

12

Objections to this Report and Recommendation must be filed on or before **August 29,**

**2007.**

      **DATE: August 10, 2007.**


                     **s/ Clifford J. Proud**
                     **CLIFFORD J. PROUD**
                     **UNITED STATES MAGISTRATE JUDGE**